[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:PLAINTIFF'S MOTION TO REOPEN, CLARIFY,ARTICULATE AND/OR CORRECT JUDGMENT ANDDEFENDANT'S MOTION TO CORRECT OR RECONSIDER
On July 7, 1993, this court rendered its decision with respect to multiple conflicting claims of the parties. After reviewing the instant motions of the parties, the court will amend and/or correct its decision in accordance with the reasoning to follow.
The court accepts the defendant's correction on page two of his motion and finds, therefore, that the amount stated on line 12 of page six shall be $613,912 rather than $609,912.
With respect to the award by the court to Cerino of a portion of the sum expended by the plaintiffs for attorney's fees, the court has reviewed the arguments advanced and will CT Page 2736 not disturb its finding.
With respect to plaintiffs seeking an articulation by the court as to an award to plaintiffs pursuant to paragraph 4(a) of the Arbitration Decision, the court finds that the evidence disclosed that plaintiffs' relationship with the marina was that of owner-shareholder rather than employee during the period in question. Therefore, absent payroll records, time records, or other evidence of an employer-employee relationship, the court declines to make an award for "services rendered."
Finally, the court articulates that the basis of its allocation of 75 percent of the real estate taxes for the service building rather than 100 percent is that the evidence disclosed that defendant was deprived of his exclusive service and sales right; that is, the use to be made by him of said building by the plaintiffs. Therefore, the court believes its 75-25 division of taxes to be equitable.
Accordingly, the court amends its award to Cerino in accordance with its findings and awards to Cerino the sum of $134,113.76.
SKOLNICK, J.